IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANTHONY REDMOND,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )  CIVIL NO. 09-cv-557-DRH |
| | ) |
| **JULIUS C. FLAGG, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff Anthony Redmond, formerly an inmate in the Robinson Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Redmond seeks leave to proceed *in forma pauperis*, and the Court finds that he is, in fact, indigent. Thus, the motion (Doc. 2) is **GRANTED**.[1]

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

---

[1] Redmond was released from custody shortly after filing this action; thus, the Court is unable to assess and collect the filing fee under 28 U.S.C. § 1915(b).

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**THE COMPLAINT**

Redmond states that when he was incarcerated at the Pinckneyville Correctional Center, he had filed a lawsuit against Defendant Julius Flagg and others related to his medical care.[2] On April 1, 2009, Redmond was transferred to Robinson Correctional Center, where Flagg was temporarily assigned as warden. Upon his arrival at Robinson, Redmond immediately asked Defendant Welch for a transfer to another facility, as he feared reprisal from Flagg. Welch told him he could accept his housing assignment or, in the alternative, he could refuse the assignment, receive a disciplinary ticket, and risk the loss of good conduct credit. Flagg later stopped by his cell, welcomed him to Robinson, told him to enjoy his stay, and denied his request for a transfer.

Redmond next states that when he arrived at Robinson, he was using crutches due to a curved spine, bad hip, and arthritis. Two weeks elapsed before he was seen by medical personnel, for which he was required to pay the $2.00 co-pay. He presented to Defendant Loftin both a court order and other documentation recommending wheelchair usage for longer distances, due to his condition, but Loftin told him to follow procedures for seeking medical treatment. Redmond had difficulty

---

[2] In the portion of the complaint listing his prior lawsuits, Redmond states he filed that lawsuit against Flagg in 2004. This Court finds no record of any federal lawsuits filed by Redmond in this District or any other federal court in Illinois prior to 2009. Presumably, then, Redmond filed that action in state court.

keeping pace with line movements, so he applied for a slow-walker permit. Redmond then spoke with Flagg about his medical situation, and Flagg told him to send him a letter. Redmond did, and Flagg sent him a response that Redmond would be placed on Loftin's call line.

Defendant Kerr called Redmond into Clinical Services and queried why he was complaining to everyone about everything. He explained his situation, and Kerr reviewed his medical records. Kerr then spoke with Loftin, and ten minutes later Redmond received a wheelchair. Redmond also complained to Kerr about having to report daily to the medical unit for certain reasons, rather than less frequently, but she disregarded that complaint.

On May 7, 2009, Redmond spoke with Defendant Heap, a psychologist. He spoke about his fears and told her that the medication prescribed to alleviate these anxieties did not help. Heap provided him with a list of outside mental health facilities for him to visit following his release.

On May 24, 2009, Redmond was assaulted by Inmate Osborn, who tried to force Redmond to perform oral sex. Although Redmond was in his wheelchair, he fought back by hitting and kicking at Osborn. From this incident, Redmond received a disciplinary ticket for this incident that occurred just two days before his scheduled release. He asserts that Defendant Erickson did not write down Redmond's full statement explaining Osborn's attack.

On May 26, the day Redmond was scheduled for release, Defendants Ritchie and Woods conducted the disciplinary hearing in the health care segregation unit. Redmond asserted self-defense; he asked Defendants Heap and Tylka to check Osborn's medical records to bolster his defense. Redmond was found guilty of assault and insolence; as a result, it appears he lost three months of good conduct credit, and his release date was postponed to August 15, 2009.

Redmond states that Defendant Deanna Brookhart was his psychologist at Robinson. After

Osborn's assault on him, Redmond threatened a hunger strike and was thus placed on suicide observation for three days. He states that Brookhart failed to visit him to discuss the situation, but she later gave the approval to release him from suicide observation. She also filed a report recommending outpatient mental health counseling for him upon his release, as well as mandatory electronic monitoring for 90 days.

Defendant Lt. Brookhart was the Internal Affairs officer assigned to investigate Redmond's complaints after Redmond filed grievances against officers who would not let him press charges against Osborn. Brookhart brought some paperwork for Redmond to sign, including authorization for a polygraph test; Brookhart threatened Redmond with punishment of one year "across the board" if he discovered that Redmond was lying about the incident with Osborn.

### CLAIMS PRESENTED

Redmond does not set forth any specific claims against any defendant. However, the Court discerns four potential claims within the facts set forth above.

*Medical Care*

The first potential claim would be against Loftin and Kerr for medical care involving his mobility issues. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Edwards v. Snyder*, 478 F.3d 827, 830-31 (7th Cir. 2007).

Redmond's allegations against Loftin are only that he did not receive an immediate medical

evaluation upon his arrival at Robinson. His allegations against Kerr are even weaker: Kerr spoke with him, spoke with Loftin, and then provided him with a wheelchair. Nothing in the complaint suggests that either Kerr or Loftin acted with deliberate indifference to his medical needs, and thus Redmond has failed to state a claim upon which relief may be granted.

*Mental Health Care*

Redmond might also have a potential claim against Heap and Deanna Brookhart, the psychologists he worked with at Robinson. His allegations against both, however, are sketchy. He states that he spoke with Heap about his anxieties, and that she provided him with a list of outside resources to visit upon his release. He also says that Heap told him there was nothing she could do with respect to the disciplinary action taken against him for his assault on Osborn, even if it was done in self-defense. As for Brookhart, he alleges only that she did not speak with him after the assault, but she later approved him for release from suicide observation.

None of these allegations support an inference that either Heap or Brookhart was deliberately indifferent to his mental health needs. Thus, he has failed to state a claim upon which relief may be granted.

*Disciplinary Action*

Redmond is understandably upset about the disciplinary action that resulted in the loss of good conduct credit and delayed his release. From the allegations, the Court gleans that Defendants Tylka, Ritchie, Woods, Lt. Brookhart, Flagg and Erickson each had some involvement in this proceeding.

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the

prisoner loses good time, is confined to a disciplinary segregation, or otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-572.

> *Wolff* required that inmates facing disciplinary charges for misconduct be accorded [1] 24 hours' advance written notice of the charges against them; [2] a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; [3] the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; [4] an impartial tribunal; and [5] a written statement of reasons relied on by the tribunal. 418 U.S. at 563-572.

*Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983). The Supreme Court has also held that due process requires that the findings of the disciplinary tribunal must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999).

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Hill*, 472 U.S. at 455-56.

In this case, Redmond does not assert that he was deprived of any of the procedural protections mandated by Wolff. Instead, he claims that he acted in self-defense, and that he would not have jeopardized his release date unless he was forced to act. While his claim of self-defense may be true, Redmond also admits that he did, in fact, use physical force to rebuff Osborn's advances; thus, the decision reached by the Adjustment Committee is supported by Redmond's own admissions. Thus, he has failed to state a claim with respect to this disciplinary proceeding.

### *Retaliation*

In his prayer for relief, Redmond asserts a generalized, conclusory claim that the events

alleged in this action were done in a conspiracy of retaliation for the 2004 lawsuit filed against Flagg. Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.

None of the factual allegations in the complaint suggest that any of the defendants acted out of retaliation, not even Flagg. In fact, when Redmond complained to Flagg about his medical condition, Flagg told him to write it down. Redmond did, Flagg responded in writing, and Redmond was scheduled for a medical visit and then received his wheelchair. Thus, Redmond has failed to state a claim upon which relief may be granted.

### DISPOSITION

In summary, none of the allegations in the complaint give rise to a viable constitutional claim, and Redmond's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice, and all pending motions are now MOOT. Redmond is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: March 4, 2010.**

/s/ DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**